IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BLAINE KOFFORD,

    Petitioner,                   No. CIV S-06-1114 DFL KJM P

    vs.

K. PROSPER,

    Respondent.                FINDINGS AND RECOMMENDATIONS

                              /

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

        Petitioner alleges that the California courts have denied him equal protection by refusing to award him credit against his prison term for a portion of the time spent on formal probation, while at the same time awarding such credit for time spent on parole.

        A court may dismiss a habeas petition without issuing an order to show cause if it appears the petitioner is not entitled to relief.  Harris v. Nelson, 394 U.S. 286, 298-99 (1969); Hunt v. Eyman, 429 F.2d 1318, 1319 (9th Cir. 1970).  This result is appropriate in this case.

        Petitioner's interpretation of California Penal Code § 2900.5 regarding credits does not appear to be correct: a parolee is not awarded credit against a term imposed following a revocation for the time he was on parole, but only for that portion he was held in custody

1

1  pending resolution of the revocation action.  See Cal. Pen. Code § 3057(a) (term to be imposed
2  upon revocation).  In a similar manner, a probationer is entitled to credit for any time spent in
3  custody before revocation or as a condition of parole.  Petitioner's attempt to argue that parolees
4  receive greater rights than probationers fails.

5       Even if his interpretation were correct, however, he still is not entitled to relief.
6  The federal courts have routinely found no equal protection problem when prisoners are not
7  awarded credit against their prison sentences for time spent on formal probation.  United States
8  v. Shead, 568 F.2d 678, 682-84 (10th Cir. 1978); Hall v. Bostic, 529 F.2d 990 (4th Cir. 1975);
9  Sterling v. Reid, 479 F.Supp. 330, 333 (S.D.N.Y. 1979); White v. Wyrick, 432 F.Supp. 1316,
10 1318-20 (W.D. Mo. 1977).  These courts recognize that such a distinction need only be
11 rationally based and have recognized that the act of leniency inherent in the grant of probation
12 justifies different treatment when the privilege of probation is abused.  See People v. Rubics, 136
13 Cal.App.4th 452, 38 Cal.Rptr.2d 886, 891-92 (2006) (probation is an act of clemency and grace;
14 different treatment is appropriate).
15 /////
16 /////
17 /////
18 /////
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

1    IT IS HEREBY RECOMMENDED that this habeas petition be dismissed.

2    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991)

DATED:  December 14, 2006.

_____
U.S. MAGISTRATE JUDGE

2
koff1114.156

3